PETER MURPHY, and Another, Respondents, *v.* UNITED STATES TITLE GUARANTY COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, October, 1918.)

Title — unmarketability of — rejection of, because of defects not excepted in policy of insurance — contracts — judgments — damages — appeal.

Plaintiffs contracted for the sale of two certain lots for $1,500, but on the closing day the purchaser rejected the title because of defects not excepted in plaintiffs' title insurance policy by which the insurer agreed to keep harmless and indemnify the insured "against all loss or damage not exceeding $3,000 which the said assured shall sustain by reason of defects or unmarketability of the title of the assured " or " because of liens or incumbrances charging the same " at the date of the policy, which was delivered more than six years prior to the making of the contract of sale. The plaintiffs complied with all the conditions of the policy and as required thereby gave notice to the insurer of the rejection of the title, which at the making of the contract of sale was defective in that one of the two lots was subject to an outstanding undivided two-thirty-fifths interest. Before the commencement of an action on the policy the insurer obtained for plaintiffs such outstanding interest which was subject to the lien of a judgment for $576.64. Upon the facts the trial justice held that, as plaintiffs had lost the benefit of the sale, the amount of their damage was the agreed purchase price, to wit, $1,500, and gave judgment for that sum, with interest from the date of the contract of sale. *Held,* upon reversing the judgment and ordering a new trial, that plaintiffs are entitled to recover only the actual loss suffered by them by reason of the lien of the judgment which at most would be the difference between the value of the property as incumbered and the price which they could have secured for it if it had been unincumbered.

APPEAL by the defendant from a judgment entered in the City Court of the City of New York in favor of plaintiffs.

Appellate Term, First Department, October, 1918.  [Vol. 104.

Hirsh, Newman & Reass, for appellant.

Jeremiah J. Coughlan, for respondents.

LEHMAN, J.  On or about June 15, 1906, the defendant delivered to the plaintiffs its title insurance policy whereby it agreed to keep harmless and indemnify the assured: " against all loss or damage not exceeding $3,000 which the said assured shall sustain by reason of defects or unmarketability of the title of the assured to the estate, mortgage or interest described in Schedule A hereto annexed or because of liens or encumbrances charging the same at the date of this policy. * * * The loss and the amount to be ascertained in the manner provided in the annexed conditions and to be payable upon compliance of the assured with the stipulations of said conditions and not otherwise."

On November 29, 1912, the plaintiffs entered into a contract for the sale of both lots for $1,500, but on the closing day the purchaser rejected the title because of defects not excepted in the policy.  The plaintiffs complied with all the conditions of the policy and gave to the defendant notice as required by the policy of such rejection within ten days thereafter.  It appears that the title at the time the plaintiffs made the contract of sale was defective in that one of the two lots covered by the premises was subject to an outstanding undivided two-thirty-fifths interest.  Before the beginning of the action the defendant obtained for plaintiffs the outstanding two-thirty-fifths interest in this lot, but such interest was subject to the lien of a judgment for $576.64.  Upon these facts the trial justice has held that since the plaintiffs had entered into a contract of sale for the property for the sum of $1,500 on November 20, 1912, and they lost the benefit of the sale, " the amount of their damage was the sum agreed to be

paid therefor, namely $1,500, which the plaintiffs are entitled to recover with interest thereon from November 20th, 1912 (see *Werner* v. *Wheeler,* 142 App. Div. 358)," and judgment was thereupon entered for this sum.   The case cited by the learned trial justice as. authority for the measure of damages which he applied does not in my opinion lay down any such rule of damages.   In that case it appeared that the defendant had no title to the premises which she had. previously conveyed to the plaintiff.   This lack of title was discovered when the plaintiff entered into a sale of the premises to a third party.   The defendant thereupon obtained a quit claim deed to the plaintiff from the true owners and the plaintiff accepted such quit claim deed.   Thereafter the plaintiff was obliged. to incur certain expenses in order to prove to the purchaser that the quit claim deed vested in the plaintiff full title to the premises, and subsequently brought an action to recover against the defendant,. her grantor, the amount of these expenses.   The court there held that the plaintiff could recover no damages for breach of the covenants of warranty or of quiet enjoyment because there had been no eviction of the plaintiff, and that she could not recover any damages for breach of the covenant of seizin because she had not elected to recover the purchase money and interest upon the breach of that covenant, but on the contrary had accepted a quit claim deed and therefore was not damaged by the lack of title in her grantor at the time when the original transfer. to her was made.   The court there stated:  " But here the grantee purchased no outstanding title, and the action was not brought until after acceptance by the grantee of the quit claim deed, which vested good title in her, and she shows no prior damages by loss of a sale of the premises or otherwise; and, therefore, I think that only nominal

damages could be recovered for the breach of the covenant of seizin.''

This dictum implying that a plaintiff in an action for breach of covenant of seizin could recover damages for the loss of a sale of the property is the only authority cited by the plaintiffs or by the court to sustain the measure of damages applied in this case. There seems to be, as a matter of fact, a dearth of authority in regard to the measure of damages applied in an action on an insurance policy, and even in Sutherland's great work on damages the question of the usual measure of damages is not discussed but the author contents himself with a single section referring the student to the chapter of his book devoted to the measure of damages in actions brought by a grantee against his grantor for breach of the various covenants of title. The policy of title insurance, however, goes somewhat further than a covenant of warranty, for it includes not only defects or lack of title but also includes unmarketability of title amongst the matters for which it gives insurance. Nevertheless, in many points the covenants of title contained in a deed and the covenant of indemnity contained in a title insurance are analogous, and in the absence of express words in the contract of insurance the same rules would apply. The measure of damages in an action for the breach of the covenant of seizin is ordinarily the consideration paid by the grantee for the property, and the grantee need not wait until he has been evicted by superior title but may bring his action as soon as he discovers his grantor's lack of title. Suth. Dam. § 597.

This measure of damages is applied upon the theory that since the grantor had no title he had none to convey, and the grantee may therefore recover the money paid without consideration, but if the grantee

does not bring such action until the grantor has obtained a deed of the property and has actually vested title in the grantee, then the grantee cannot recover such damages. The covenant against encumbrances ordinarily contained in deeds is essentially more nearly like the agreement of a title insurance company. That covenant is also a covenant of indemnity and the measure of damages for its breach is such sum as will indemnify the grantee for the loss actually sustained. See *Utica, Chenango & S. V. R. R. Co.* v. *Gates,* 8 App. Div. 181. Under the authority of that case it would appear that if the plaintiff had been compelled to purchase the amount of the judgment which was a lien against her premises she might have recovered the amount so paid as the proper measure of damages for the existence of the encumbrances. Inasmuch, however, as the plaintiffs do not claim to have incurred any such expense, the highest possible measure of damages, in the absence of some clause in the policy fixing a different measure, would be the difference between the value of the premises unencumbered as shown by the actual sale and their value encumbered by the lien of the judgment. In no event, in the absence of such a clause, can the plaintiffs recover as indemnity the agreed price upon the contract of sale which they have lost. Under the present judgment the plaintiffs would receive the sum of $1,500 as damages for the existence of an encumbrance affecting only a two-thirty-fifth undivided part of one lot constituting the premises, and clearly if they retained title to the premises so encumbered these damages are entirely excessive and erroneous.

The trial judge stated in his opinion that the judgment will provide that on payment of the judgment herein the plaintiffs shall execute and deliver to the defendant a deed quit-claiming all their right, title and

interest in the property in question. The judgment does not contain, and of course could not contain, such a clause. Such a provision in a judgment would be proper only if the contract of insurance contained a clause that the insurer agreed that, where a sale of the property has been made and the title rejected because it was unmarketable, the insurance company should pay to the insured the agreed price of such property and then only in an action for a specific performance in a court of equitable jurisdiction. In the present case we need not decide whether the contract of insurance can be considered as containing such a clause, for in any event the action is not for specific performance. The complaint contains no allegation of a tender of a deed by the insured to the insurer or any obligation on the part of the insurer to do anything except indemnify the plaintiffs against loss or damage sustained by unmarketability of their title, and the court had no equitable jurisdiction and did not assume in its actual judgment to exercise any equitable jurisdiction.

It is true, as stated above, that in an action at law, for a breach of the covenant of seizin, the grantee may recover the full consideration paid for the grant without tendering a deed of the property reconveying the land to his grantor. The reason for this rule, however, appears in the opinion in the case of *Parker* v. *Brown,* 15 N. H. 176, 188, where the court said: " No wrong is done by the maintenance of the action; for if the grantee recovers damages for the breach of the covenants of seizin, on the ground that the grantee had no title whatever, the operation of it must be to estop the grantee from setting up the deed afterwards, as a conveyance of the land, against the grantor. We see not why the grantor may not again enter, if he chooses, as against the grantee. A recovery in trespass or trover, with satisfaction, vests the property in the

party against whom the damages are assessed. * * *
The defendants may re-enter, if they think proper,
and will hold under their former possession, against
all persons who cannot show a better right.''

In the present case, however, the original grantor
did have some title to the premises and not merely
possession thereof, and the plaintiffs have acquired
by valid grant such title as the grantor originally had.
The defendant never had title to this property and
even if it were called upon to pay the full value of the
property a judgment to that effect with satisfaction
could not in any possible way vest in it the title to the
property.  It follows that the plaintiffs in this action
are entitled to recover only the actual loss suffered by
them through the existence of the encumbrances which
at most would be the difference between the value of
the property as encumbered and its unencumbered
value or the price which they could have secured for
it if it had been unencumbered.

Judgment must, therefore, be reversed, and a new
trial ordered, with costs to appellant to abide the event.

WEEKS, J., concurs; FINCH, J., concurs in result.

Judgment reversed, and new trial ordered, with
costs to appellant to abide event.