LOUIS DESCHENES et al., Appellants, *v.* FRANCIS J. N. TALLMAN et al., Respondents.

**Real property — title — deed — foreclosure — deed by liquidators of foreign corporation, appointed by foreign court, of land in this State, together with confirmatory deed of corporation, passes title — grant by corporation good even though made under compulsion and even though land is subject to potential claims of creditors — action to foreclose purchase-money mortgage — counterclaim for breach of covenant of seizin must fail — damages made nominal by giving of confirmatory deed.**

1. Assuming a deed of land in this State, made by liquidators of a foreign corporation appointed by a foreign court, to be inoperative, there is none the less a conveyance of title upon delivery by the corporation of a confirmatory deed or grant, even though it be given under compulsion, and even though the land be subject to inchoate or potential liens of creditors.

2. In an action, therefore, to foreclose a purchase-money mortgage on land in the city of New York a counterclaim for breach of covenant of seizin alleging that plaintiffs derived title from liquidators of a Canadian corporation appointed by a court in the Province of Quebec,

3

must fail where it appears that after the sale by plaintiffs, they procured the execution of a quitclaim deed by the Canadian corporation containing a recital that it is given " in confirmation of a deed " made by the liquidators, " it being the opinion of the liquidators that this deed is necessary for the beneficial winding up of the party of the first part and they having requested the execution of the same " and it further appears that, under the statutes of Canada, corporate life survives the appointment of a liquidator until the winding up is finished though the powers of the directors cease except in so far as the court or liquidator sanctions the continuance of the same.

3. A contention that the quitclaim deed was ineffective to destroy a cause of action for breach of a covenant of seizin contained in a deed made the year before, since the breach was complete when the covenant was made, cannot be upheld when the confirmatory deed was given before the counterclaim was served and before demand was made for repayment of the purchase price. If it did not destroy the cause of action, it made the damage nominal.

*Deschenes* v. *Tallman*, 222 App. Div. 761, reversed.

(Argued March 26, 1928; decided May 1, 1928.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 9, 1927, which affirmed an order of Special Term denying a motion by plaintiff for judgment on the pleadings.

The following questions were certified:

" I. Does the answer read together with the stipulations as to the laws of Canada state facts sufficient in law to constitute a defense or counterclaim?

" II. Was the deed of the liquidators of Miller & Lockwell, Limited, valid to pass title to the real property in controversy and located in this State and recorded in its name?

" III. Was the subsequent deed of the corporation sufficient to pass title to said real property?

" IV. Should the order of Special Term, dated May 18, 1927, have been reversed, and should the motion for judgment on the pleadings and the stipulations as to the laws of Canada have been granted?

" V. Were both of the above deeds, considered together, sufficient to pass title to said real property? "

*Raphael H. Weissman* and *Sarah Schreiber* for appellants. The answer read together with the stipulation as to the laws of Canada does not state facts sufficient to constitute a defense or counterclaim. (*Mabon* v. *Ongley,* 156 N. Y. 196; *Small* v. *Smith,* 14 S. D. 621; *Johnson* v. *Compagnie General Transatlantique,* 242 N. Y. 381; *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99; *Martyne* v. *Am. U. F. I. Co.,* 216 N. Y. 183.) If the foreign liquidators' deed be not valid, then the subsequent deed of the foreign corporation was sufficient to vest respondents with title and to extinguish the breach of the covenant of seizin, if any, theretofore existing. (*Livingston* v. *Proseus,* 2 Hill, 526; *Sinnott* v. *Hanan,* 214 N. Y. 454; *Atlantic D. Co.* v. *Beard,* 145 App. Div. 342; 203 N. Y. 584.)

*Edward J. O'Toole* for respondents. The Canadian liquidators in bankruptcy were never seized of the real property herein. (*Simpkins* v. *Smith & Parmelee Gold Co.,* 50 How. Pr. 56; *Oakey* v. *Bennett,* 52 U. S. 33; *Smith* v. *Berz,* 125 Ill. App. 122.) The deed, executed by the insolvent corporation and subsequently tendered, is inadequate to convey any title to land in this State. (*Osborne* v. *Adams,* 18 Pick. 245; *Stewart* v. *Mut. Reserve Life Ins. Co.,* 39 Misc. Rep. 275.)

Cardozo, Ch. J. The complaint is for the foreclosure of a purchase-money mortgage. The answer is a counterclaim for breach of a covenant of seizin. Whether seizin was lacking is the question to be answered.

Plaintiffs sold the land to the defendant Francis Tallman in April, 1925. A predecessor in title was Miller & Lockwell, Limited, a Canadian corporation. By a decree of the courts of the Province of Quebec, made in 1911, the corporation was adjudged insolvent, and its property, real and personal, was ordered to be sold by

two liquidators duly appointed according to the laws
of the Province. The liquidators conveyed the land to
the plaintiffs, who thereafter sold to Tallman with cove-
nant of seizin. The land is located in the city of New
York. The defendants insist that title does not pass
under a deed by foreign liquidators.

A second and confirmatory deed, made in December,
1926, is also the subject of attack. After the sale to
Tallman, the plaintiffs procured the execution of a quit-
claim deed by the Canadian corporation. This deed,
made by the corporation to the defendant Francis Tall-
man, contains a recital that it is given " in confirmation
of a deed " made by the liquidators, " it being the opinion
of the liquidators that this deed is necessary for the
beneficial winding up of the party of the first part and
they having requested the execution of the same." The
statutes of Canada are to the effect that the corporate
life survives the appointment of a liquidator until the
winding up is finished, but that the powers of the
directors cease " except in so far as the court or liquidator
sanctions the continuance of the same." The defendants
insist that the later deed, being made under compulsion,
adds nothing to the first one, and leaves the title where
it was.

The answer demands judgment for the cancellation of
the purchase-money mortgage, the return of the cash
payment, and reimbursement for the value of subsequent
improvements.

We think the counterclaim must fail.

There is no need to determine what effect would be
given to the liquidators' deed considered by itself. If
they were chancery receivers (*Sterrett* v. *Second Nat. Bank*,
248 U. S. 73; *Keatley* v. *Furey*, 226 U. S. 399; *Lion Bonding
Co.* v. *Karatz*, 262 U. S. 77, 87, 88; *Mabon* v. *Ongley
Elec. Co.*, 156 N. Y. 196; *Decker* v. *Gardner*, 124 N. Y.
334), or receivers or assignees in insolvency or bankruptcy
(*Security Trust Co.* v. *Dodd, Mead & Co.*, 173 U. S. 624, at

p. 629; *Osborn* v. *Adams*, 18 Pick. 245; *Callender, Sykes & Co.* v. *Colonial Secretary*, 1891, A. C. 460; Dicey, Conflict of Laws, p. 331), their deed would be a nullity. They would not gain a title to land within this State by force of their appointment in a foreign jurisdiction, and not having it themselves, could not transmit it to another. If they were the universal successors of the corporation (*Keatley* v. *Furey, supra,* at pp. 403, 404; *Chipman* v. *Mfrs. N. Bank,* 156 Mass. 147, 149), the representatives in dissolution proceedings of its personality and powers, a different consequence would follow (*Martyne* v. *Am. Union Fire Ins. Co.,* 216 N. Y. 183; *Relfe* v. *Rundle,* 103 U. S. 222). The character and purpose of the proceedings in the courts of Canada are exhibited too imperfectly to enable us to judge with certainty of the origin and measure of the liquidators' powers. We leave the question open till decision becomes necessary.

If the deed by the liquidators be assumed to be inoperative, there was none the less a conveyance of title upon delivery by the corporation of a confirmatory deed of grant. A judgment of a foreign court will not avail of its own force to transfer the title to land located in this State. It will not avail though a conveyance be executed by the sheriff or a master or other agent of the court in fulfillment of its mandate (*Fall* v. *Eastin,* 215 U. S. 1, 11; *Carpenter* v. *Strange,* 141 U. S. 87, 105; *Watts* v. *Waddle,* 6 Pet. [U. S.] 389). " The court, not having jurisdiction of the *res,* cannot affect it by its decree, nor by a deed made by a master in accordance with the decree " (*Fall* v. *Eastin, supra*). But the rule is different where the conveyance is executed by the owner, though he act under compulsion (*Fall* v. *Eastin, supra,* at p. 11; *Watkins* v. *Holman,* 16 Pet. [U. S.] 25, 57; *Corbett* v. *Nutt,* 10 Wall. [U. S.] 464, 475; *Gardner* v. *Ogden,* 22 N. Y. 327). The conveyance, and not the judgment, is then the source of title. As to this the law has been undoubted since *Penn* v. *Lord Baltimore* (1 Ves. Sr. 444). The distinction is between

a judgment directed against the *res* itself, and one directed against the person of the owner, who acts upon the *res*. His deed transmits the title irrespective of the pressure exerted on his will.

A different question would be here if we were required to determine whether the title would prevail against the remedies of creditors (cf. *Huntington* v. *Chesapeake, etc., Ry. Co.*, 98 Fed. Rep. 459, 464; *Osborn* v. *Adams*, 18 Pick. 245). A title acquired in foreign insolvency proceedings is subordinated to local creditors with executions or attachments against the goods and chattels of a debtor (*Security Trust Co.* v. *Dodd, Mead & Co., supra; Barth* v. *Backus*, 140 N. Y. 230; *Vanderpoel* v. *Gorman*, 140 N. Y. 563; *Willitts* v. *Waite*, 24 N. Y. 577, 582; *Blake* v. *Williams*, 6 Pick. 286; *Disconto Gesellschaft* v. *Umbreit*, 208 U. S. 570, 579, 580). Authority is not lacking that it is so subordinated in respect of land, though seizin has been transferred by the assurance of a deed (*Huntington* v. *Chesapeake, etc., Ry. Co., supra; Osborn* v. *Adams, supra*). If all this be assumed, the defendants are not greatly helped. Seizin there still is, though subject to the claims of creditors as inchoate or potential liens (*Matter of Waite*, 99 N. Y. 433; *Security Trust Co.* v. *Dodd, Mead & Co., supra,* at p. 635; *Mabon* v. *Ongley Elec. Co., supra*). We do not know from the answer whether any such claims exist. Very likely they have been extinguished, for fifteen years have elapsed between the appointment of the liquidators and the service of the counterclaim. If the claims are alive, they are at most in the nature of an incumbrance, burdening the title, but not defeating its transmission. A judgment that is merely inchoate or potential can have no greater effect than one that is actual and consummate (Rawle on Covenants for Titles, §§ 59, 60; *Sedgwick* v. *Hollenback*, 7 Johns. 376; *Jackson* v. *Garnsey*, 16 Johns. 189, 192; *Kuntzman* v. *Smith*, 77 N. J. Eq. 30). The defendants do not counterclaim because of the presence of an incumbrance. They do

1928.] Opinion, per CARDOZO, Ch.. J. [248 N. Y. 33]

not even say that such a covenant was made. The basis of the counterclaim is the covenant of seizin. In the view of the pleader, title has so failed that the transaction in all its parts must be undone from the beginning. More must be shown, to justify that upheaval, than the threat of a potential lien.

The defendants make the point that the deed of 1926, which they admit that they accepted, was ineffective, however voluntary, to destroy a cause of action for breach of a covenant of seizin in the deed of 1925, since the breach was complete when the covenant was made. If it did not destroy the cause of action, it made the damage nominal. The confirmatory deed was given before the counterclaim was served and before demand was made for the repayment of the purchase price. Consideration has not failed now that title has been cured (*Murphy* v. *U. S. Title Guaranty Co.*, App. Term., 104 Misc. Rep. 607; *King* v. *Gilson*, 32 Ill. 348, 355; *Cornell* v. *Jackson*, 3 Cush. 506).

The order of the Appellate Division and that of the Special Term should be reversed, with costs in the Appellate Division and in this court, and judgment ordered in favor of the plaintiffs for the relief demanded in the complaint; the first question certified is answered " no; " the second question is not answered; and the third, fourth, and fifth questions are answered " yes."

POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; ANDREWS, J., not sitting.

Ordered accordingly.