EBSARY GYPSUM COMPANY, INC., Respondent, *v.* GEORGE H. A. RUBY, Appellant, Impleaded with Others.

(Argued May 11, 1931; decided June 2, 1931.)

*George J. Skivington* for appellant. Appellant's rights under his letters patent are not such personal property as was contemplated by section 232, subdivision 6, of the Civil Practice Act, under which the order for substituted service was granted. (*Stevens* v. *Gladding,* 17 How. [U. S.] 155; *Standard Gas Power Co.* v. *Standard Gas Power Co.,* 224 Fed. Rep. 990; *Chase* v. *Wetzlar,* 225 U. S. 79; *Ager* v. *Murray,* 105 U. S. 126.)

*Harlan W. Rippey* for respondent. The complaint contains a demand for judgment that the appellant be excluded from a vested or contingent interest in specific personal property within the State of New York, or that such an interest within the State in favor of plaintiff be enforced, regulated, defined or limited, or that the title to such property be conveyed to plaintiff. The moving papers establish that there is such property within the State, that a judgment herein against appellant can be enforced and personal service of the summons on appellant without the State should be sustained. (*New Era Electric Range Co.* v. *Serrell,* 252 N. Y. 107; *Gillett* v. *Bate,* 86 N. Y. 93; *Miller* v. *Jones,* 67 Hun, 281; *Gagnon*

v. *Roberts*, 131 Misc. Rep. 126; *Stief* v. *Hart*, 1 N. Y. 20; *Burr* v. *DeLaVergne*, 102 N. Y. 415; *Spears* v. *Willis*, 151 N. Y. 443; *Marsh* v. *Nichols, Sheppard & Co.*, 140 U. S. 344; *New Marshall Co.* v. *Marshall Engine Co.*, 223 U. S. 473; *Beecher* v. *Contoure Lab.*, 279 U. S. 338; *Ager* v. *Murray*, 105 U. S. 126; *Underfeed Stoker Co.* v. *American Ship Windlass Co.*, 165 Fed. Rep. 65.)

CARDOZO, Ch. J.   The complicated transactions stated in the complaint may be summarized with sufficient accuracy as follows: Ruby and Armstrong, the owners of patents and of patented devices, made a contract with the plaintiff, the Ebsary Gypsum Company, Incorporated, whereby Ruby was to construct for the plaintiff a machine that would manufacture blocks in accordance with the patents, and whereby plaintiff was to have an exclusive license for the manufacture of such blocks within the State of New York and other designated territory.   While this license was in force, Ruby constructed another machine for another corporation doing business in the same territory, and threatened to continue to give like privileges to others.   The controversy that followed was composed for a time by an agreement of settlement.   In consideration of a cash payment, Ruby agreed to assign to the plaintiff his own interest and Armstrong's in the letters patent then issued as well as in other inventions not covered by the patents, and also to release and deliver to plaintiff the jigs, fixtures, patterns and tools necessary for construction.   This agreement he partly performed in that he delivered to the plaintiff at its factory in New York the jigs, fixtures, patterns and tools.   He refused, however, to assign any interest in the letters patent or in the unpatented inventions.   The complaint prays for judgment that specific performance be directed of the contract for the assignment of these incorporeal rights and that there be an injunction restraining the use of the inventions, patented or unpatented, for the benefit of others.

Ruby is a resident of Michigan, Armstrong a resident of Iowa, and Oldfield, who holds an assignment of the patents as trustee for Ruby and Armstrong, is a resident of Illinois. Personal service cannot be made on any of them in the State of New York. The plaintiff upon proof to that effect applied for and obtained an order for service by publication or in the alternative without the State (Civ. Prac. Act, §§ 232, subd. 4; 233). No warrant of attachment can be granted in a suit for such relief. In such circumstances service without the State, to be permissible, exacts a showing by the plaintiff that " the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property " (Civ. Prac. Act, § 232, subd. 6). The defendant Ruby, appearing specially for the purpose of contesting jurisdiction, has moved to vacate the service of the summons on the ground that the only cause of action pleaded as to him is one incapable of enforcement unless there be personal service or a general appearance within the territory of the forum. The motion was denied, and at the Appellate Division the denial was affirmed by a divided court.

We think the plaintiff has failed to show that title to any property having a situs in New York will be affected by any judgment that can be rendered in the suit. So far as the complaint prays for the specific performance of the contract of settlement, the subject matter of the controversy is an intangible right of property, an incorporeal interest in patents and in unpatented inventions. Such an interest has no situs in the State of New York (*Bryan* v. *University Pub. Co.*, 112 N. Y. 382; *Stevens* v. *Gladding*, 17 How. [U. S.] 447; *Standard Gas Power Co. of Georgia* v. *Standard Gas Power Co. of Delaware*, 224 Fed. Rep. 990; *Chase* v. *Wetzlar*, 225 U. S. 79). It

certainly has none apart from the domicile of the owners (*Bryan* v. *University Pub. Co., supra*). If the owners refuse to appear and choose to suffer a default, the court will be powerless by any effective judgment to compel them to make delivery of the necessary documents. It cannot compel them to set their hands to the documents under penalty of contempt, for contempt there can be none in the absence of jurisdiction of the person. It cannot direct the execution of the documents by the sheriff or a master, for the direction will be *brutum fulmen* without the presence of the *res*, the subject of the transfer (*Garfein* v. *McInnis*, 248 N. Y. 261; *Deschenes* v. *Tallman*, 248 N. Y. 33, 37). " The court, not having jurisdiction of the *res*, cannot affect it by its decree, nor by a deed made by the master in accordance with the decree " (*Fall* v. *Eastin*, 215 U. S. 1, 11; *Deschenes* v. *Tallman*, *supra;* American Law Inst., Restatement, Conflict of Laws, §§ 55, 111).

The plaintiff argues that the jigs, fixtures, patterns and tools have a situs in this State, even if the intangibles have none, and that the presence of these chattels supplies a basis for the suit (American Law Inst., Restatement, Conflict of Laws, *supra*). The difficulty is that already there has been adequate performance of the contract so far as the chattels are concerned. The plaintiff concedes in its complaint that the defendant Ruby has made delivery of the jigs, fixtures, patterns and tools. As to that branch of the contract there is nothing left undone, or nothing so substantial as to call for action by the court. With the chattels in its possession, the plaintiff does not need a formal instrument of release as evidence of title. As well the buyer of a bed or a table or some other article of furniture might seek the aid of equity to obtain a bill of sale after delivery had been made to him in fulfillment of the bargain (*Bosley* v. *National Machine Co.*, 123 N. Y. 550, 555). The statute (Civ. Prac. Act, § 232) in permitting an order for the pub-

lication of a summons requires a complaint with an appropriate prayer for judgment, a prayer for judgment that title to specific property be enforced or determined; but it requires something more. It is not satisfied unless the complaint is "sufficient" to justify the prayer (*Paget* v. *Stevens*, 143 N. Y. 172; *Bryan* v. *University Pub. Co., supra*). Neither of these conditions is satisfied in the complaint under review. There is no demand that the defendant do anything further with reference to the chattels, no demand for anything except as to the intangible rights. The plaintiff concedes by its silence that so far as concerns the chattels, nothing is necessary beyond what has already come to it through voluntary delivery. If this defect be overlooked and the prayer be treated as enlarged, there is still no showing of that necessity whereby equity is set in motion.

From the aspect of the complaint as one for specific performance, we pass to its aspect as a complaint for an injunction. So viewed, its defects are even plainer. In so far as it prays for an injunction restraining the manufacture of patented devices in violation of the exclusive license, the relief, if there is to be any, must be granted by the Federal courts (*Littlefield* v. *Perry*, 21 Wall. [U. S.] 205; *Independent Wireless Tel. Co.* v. *Radio Corp.*, 269 U. S. 459; *New Era Electric Range Co.* v. *Serrell*, 252 N. Y. 107). In so far as the prayer is for an injunction in respect of the development of the unpatented inventions, there is jurisdiction of the subject matter, but there can be no effective judgment without jurisdiction of the person (*Bryan* v. *University Pub. Co., supra*).

The order should be reversed and the motion granted with costs in all courts, and the question certified answered " no."

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.