WILLARD DOTY, Plaintiff, *v.* BALTIMORE TRUST COMPANY, Defendant.

Supreme Court, New York County, May 25, 1933.

*John Thomas Smith,* for the plaintiff.

*White & Case,* for the defendant.

FRANKENTHALER, J. This motion to vacate a warrant of attachment is based upon the alleged insufficiency of the papers upon which it was granted and on the further ground that the banking holidays proclaimed by the President of the United States and by the Governors of the States of New York and Maryland constituted a bar to the service of the warrant while said holidays were in full force and effect.

The claim that the papers upon which the warrant was granted are insufficient is based upon the proposition that they fail to show by evidentiary facts the existence or probable existence of damages in a definite amount. This claim appears to be without merit. The papers submitted by the plaintiff adequately show the existence of a cause of action for the damages claimed.

The point that the proclamation by the Governor of Maryland of a banking holiday, beginning February 25, 1933, made it legally impossible for the defendant to carry out the plaintiff's instructions appears to be sufficiently answered by pointing out that the instructions which the defendant failed to honor were received by it on February twentieth and could have been complied with prior to the taking effect of said proclamation.

No authority is cited in support of the contention that the service of the warrant of attachment was invalid because made upon a New York bank during the existence of a legal holiday. As it has been held that a summons may be served on a legal holiday (*Flynn* v. *Union Surety & Guaranty Co.*, 170 N. Y. 145), it would seem that a warrant of attachment may likewise be served upon a legal holiday.

Nor was the service inconsistent with the express provisions or with the spirit of the proclamations of banking holidays by the President of the United States and by the Governor of the State of New York. These proclamations had as their purpose the suspension of all banking transactions and of all withdrawals of funds. The service of the warrant of attachment did not have the effect of transferring to the plaintiff title to the funds attached. It served merely to protect the plaintiff against the withdrawal of the funds during the pendency of the action.

The fact that the Emergency Banking Act adopted by the State of Maryland provides for the suspension of remedies of depositors, creditors, stockholders and others does not affect the rights of the plaintiff, since that statute has no effect outside of the State in which it was enacted.

In a supplemental affidavit submitted by the defendant the additional point is made that the taking over of the defendant by the Bank Commissioner of the State of Maryland invalidates the attachment thereafter served in this State. The defendant relies for this contention upon the case of *Martyne* v. *American Union Fire Insurance Co.* (216 N. Y. 183). That case has been interpreted to authorize the setting aside of an attachment upon the application of a liquidator or receiver of a foreign corporation only where the appointment of such liquidator or receiver is made in proceedings for the dissolution of the corporation, thereby constituting the liquidator or receiver the universal successor of the corporation. (*Schlenger* v. *Ninth Street Bank & Trust Co.,* 231 App. Div. 828; *Deschenes* v. *Tallman,* 248 N. Y. 33, 37.) The proceeding in which the Bank Commissioner of the State of Maryland was appointed to take possession of the defendant does not appear to be one for the dissolution of the latter and it follows that the motion to vacate the attachment must be denied. Motion denied.