OPINION OF THE COURT
John S. Parker, J.
Petitioner, the alleged natural father in this paternity action, filed his petition with this court on December 27, 1983. Following service by mail on the respondent at Fort Benning, Georgia, the respondent was also served personally, with the appropriate affidavit of service filed, in Radcliff, Kentucky. Service was made on March 23, 1984. The respondent appeared by her counsel on April 5, 1984 and the matter was adjourned for motions. Respondent’s counsel, by notice of motion dated April 12,1984, moves for dismissal of the paternity petition on the ground that the Family Court has no jurisdiction over the person of the respondent.
The motion was argued on April 13, 1984 which, together with supporting affidavits, has been considered by this court. There has also been considered testimony received on March 16,1984 resulting from a subpoena issued upon the maternal grandmother for the purpose of establishing the location of the respondent, whether or not she was in the military service, and if any other court proceeding had been instituted.
*678 The respondent became pregnant in April of 1981 and gave birth to the child who is the subject of this action on January 14, 1982. Respondent graduated from, high school in June of 1982 and entered the armed services in September of 1982. Until such time as she entered the service she resided with her parents in the County of Lewis and State of New York. During the respondent’s enlistment process she petitioned this court for an order transferring custody of the child to her parents, as required by United States Army procedures. Said order was issued by this court on May 7, 1982. The respondent completed her basic training at Fort Dix, New Jersey, and was transferred to Fort Benning, Georgia, in February, 1983. Respondent was married in the State of New York on November 19, 1983. The child remained with her parents. Following the filing of this petition and receipt and acknowledgment of actual notice thereof, the respondent’s parents took the child from New York State to the petitioner’s home in Radcliff, Kentucky, where respondent lives with her husband. Respondent was separated from the armed services in March of 1983.
The respondent’s counsel argues that this court is without jurisdiction as respondent is a nondomiciliary and does not fall within CPLR 302. Petitioner’s counsel argues that respondent is not considered a nondomiciliary as the County of Lewis is her domicile of origin and there has been no affirmative showing of change.
At all times prior to the filing of the petition the petitioner resided in New York State, the child was born and resided in New York State, both the maternal and paternal grandparents (the former having, by court order, actual custody of the child) reside in New York State, and the. respondent as a member of the armed services, may well have remained a domiciliary of the State of New York. If this State were, in fact, the domicile of the respondent, there would be no defensible issue of this court having jurisdiction. (Family Ct Act, § 511.)
Assuming the respondent is considered a nonresident the court must turn to CPLR 302 (subd [b]) to determine the question of personal jurisdiction over the respondent. Prior decisions have not addressed actions commenced by *679 the putative father in considering in personam jurisdiction. Heretofore it has been held that CPLR 302 (subd [b]) cannot be the conduit to establish personal jurisdiction of a respondent father in a paternity proceeding (Anonymous v Anonymous, 104 Misc 611). It was there held that only after the preliminary question of paternity is determined would the respondent’s obligation (for support) have accrued. Thus, long-arm jurisdiction pursuant to the provisions of CPLR 302 (subd [b]) was unavailable as no “obligation” for support existed. A similar conclusion resulted in Matter of Nilsa B.B. v Clyde Blackwell H. (84 AD2d 295), where the child was conceived, born and resided in New York, the mother petitioner resided in New York and the father respondent was a resident of and domiciled in Missouri. Justice Lazer, in his concurring opinion, expressed concern with this State’s adherences to a restrictive scheme that prevents New York residents from litigating here what properly should be litigated here. He called upon the Legislature to give attention to the problem. The Legislature responded. By chapter 505 of the Laws of 1982, CPLR 302 (subd [b]) was amended by substituting the words “claim for” for “obligation to pay”. Thus, in the more classic proceeding by the natural mother against the putative father to establish paternity the objections raised in Anonymous v Anonymous (supra) were overcome. The change in terminology thus apparently extends the benefit of long-arm jurisdiction to paternity actions (Matter of Ifland v Ifland, 120 Misc 2d 820, 822).
In the instant case there never existed a question of the respondent’s obligation to support. She is the natural mother and the duty to support has existed since the birth of the child (Family Ct Act, § 413). This fact, coupled with the tenor of the current statute governing jurisdiction over nondomiciliaries (CPLR 302, subd [b]), does not preclude the petitioner from proceeding to establish paternity in this court.
As a necessary part of the order of filiation, if such is established, the court must include an order of support as established by section 545 of the Family Court Act. The petitioner has demanded such in his prayer for relief. Thus, the requisite compliance with the language as now con *680 tained in CPLR 302 (subd [b]) exists to provide this court with personal jurisdiction over the respondent.
Respondent’s motion to dismiss is denied with this matter to be placed on the calendar for further consideration of the paternity issue.