■ In the Matter of NORA PALMER, Respondent, v CHARLES PALMER, Appellant.—In a proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Queens County (Pearce, J.), dated October 31, 1985, which denied the appellant father's motion to vacate a prior order of the same court, dated January 16, 1985, which fixed arrears for child support in the amount of $9,550, and directed that payment be made at the rate of $50 per week by income deduction order.

Ordered that the order is affirmed, with costs.

The appellant's failure to comply with an order of support prompted the respondent to institute an enforcement proceeding. A hearing was held, and in January 1985, a determination was rendered resulting in the order dated January 16, 1985. The appellant filed a notice of appeal but failed to perfect the appeal within the prescribed period, and it was thus deemed abandoned (see, 22 NYCRR 670.20 [f]). Approximately four months later, the appellant moved, by order to show cause, to vacate that order, denominating the motion in his supporting papers as one pursuant to Family Court Act § 451, maintaining that the hearing court's determination was erroneous, and setting forth arguments which were similar to those raised at the hearing.

While the Family Court is vested with continuing jurisdiction over support proceedings, a motion to vacate a prior support order of that court should be granted only where a party presents sufficient grounds therefor, and, subsequent to the accrual of arrears, "shows good cause for failure to make application for relief from the judgment or order directing payment prior to the accrual of the arrears" (Family Ct Act § 451). In this instance, the hearing court had initially determined that the appellant did not satisfy this burden and, having failed to either move for posthearing relief or appeal from this determination within the prescribed time periods (see, CPLR 4405; 22 NYCRR 670.20 [f]), he is bound by the order unless a basis for vacatur is presented pursuant to CPLR 5015 (see, Matter of Huie [Furman], 20 NY2d 568, 572). The Family Court properly exercised its discretion in deeming the appellant's motion to be one pursuant to CPLR 5015 (see, Siegel, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, 1987 Supp Pamph, CPLR 4405, at 261-262), and correctly determined that he did not satisfy the

requirements thereof. Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.