■ In the Matter Leslie GG., Appellant, v William HH., Respondent.—Levine, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered December 3, 1990, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to petitioner.

Petitioner and respondent met in the City of Glens Falls, Warren County, in November 1989. At that time, petitioner was a New York domiciliary and respondent was a Colorado domiciliary. The following month, after respondent returned

to Colorado, petitioner traveled to Colorado and stayed with respondent from December 22, 1989 until December 28, 1989. During that period, the parties engaged in sexual intercourse which allegedly resulted in petitioner becoming pregnant. In August 1990, petitioner commenced the instant paternity proceeding in Warren County Family Court. Respondent was served with the verified petition in Colorado and subsequently moved to dismiss the petition for lack of personal jurisdiction. Petitioner opposed the motion, claiming that a letter written by respondent in which he allegedly acknowledged paternity was a sufficient basis for acquiring personal jurisdiction *(see,* Family Ct Act § 154 [b] [4]). Family Court granted respondent's motion and this appeal ensued.

There should be an affirmance. In a proceeding to establish paternity or seek support, Family Court Act § 154 (b) provides for long-arm jurisdiction where at least one of six enumerated "minimum contacts" criteria is satisfied *(see,* Mem of Dept of Social Servs, 1983 McKinney's Session Laws of NY, at 2501). One such criterion relevant herein is an "acknowledg[ment of] paternity, in writing" (Family Ct Act § 154 [b] [4]). This language was apparently derived from Family Court Act § 517, and cases interpreting that provision have consistently held that an acknowledgment of paternity must be established by clear and convincing evidence *(see, Matter of Vicki B. v David H.,* 57 NY2d 427, 430; *Matter of Dorn "HH" v Lawrence "II",* 31 NY2d 154, 158, n 4, *appeal dismissed sub nom. Fuchs v Silvester,* 409 US 1121), thus requiring "a clear acknowledgment about which there is no doubt or equivocation" *(Schuerf v Fowler,* 2 AD2d 541, 542, *appeal dismissed* 3 NY2d 987; *see, Matter of Green v Blue,* 28 AD2d 628). We see no reason to apply a different standard in this case *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 236).

Respondent's letter to petitioner, dated September 27, 1990, stated, "You and I had sex. You became pregnant as a result (the tests will prove this beyond a shadow of a doubt so I can be sure I'm paying to support a child that I actually fathered) of the physical relationship we had." He also wrote, "Once the tests prove it for sure, I never intend to deny that there is a child somewhere that I helped create." In our view, these statements amount to less than an unequivocal admission by respondent and, therefore, we agree with Family Court that the letter cannot be construed as an acknowledgment of paternity sufficient to warrant the assertion of jurisdiction under Family Court Act § 154 (b).

We reject petitioner's contention that CPLR 302 (b) provides

a basis for long-arm jurisdiction in this case independent of Family Court Act § 154 (b). With respect to a Family Court proceeding involving, *inter alia,* a demand for support, CPLR 302 (b) states that a court may exercise personal jurisdiction over the nondomiciliary or nonresident respondent "if the party seeking support is a resident of or domiciled in this state at the time [the] demand [for relief] is made, provided that * * * the claim for support * * * accrued under the laws of this state". Petitioner contends that because her claim for support "accrued" in this State, jurisdiction over respondent may be properly asserted. We disagree.

Even assuming that the birth of the child in New York was sufficient to give rise to a claim accruing here, the absence of some "minimum contacts" by respondent with this State precludes a finding that personal jurisdiction may be constitutionally acquired *(see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 302.19; *see also, International Shoe Co. v Washington,* 326 US 310, 316; *cf., Browne v Browne,* 53 AD2d 134, 137, *appeal dismissed* 40 NY2d 917). Respondent, by his act in Colorado of allegedly conceiving a child subsequently born in New York, cannot be said to have "purposefully avail[ed] [him]self" of the "benefits and protections" of New York's laws *(Hanson v Denckla,* 357 US 235, 253). To hold otherwise would clearly run afoul of the United States Supreme Court decision in *Kulko v California Superior Ct.* (436 US 84).

Having concluded that Family Court correctly dismissed the petition for lack of personal jurisdiction, we do not address respondent's challenge to the constitutionality of Family Court Act § 154 (b).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.