■ In the Matter of Joseph S. Sanfilippo, as Commissioner of the Broome County Department of Social Services, Appellant, v William L. Jacobs, Respondent. [599 NYS2d 138] —Harvey, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered August 14, 1991, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his child and stepchild.

For a brief three-month period in the fall of 1987, respondent's estranged wife, Gail L. Jacobs, received public assistance benefits on behalf of herself, respondent's son, James,

and respondent's two stepsons, Matthew and Anthony. As a result of a support petition against respondent filed by petitioner, respondent was ultimately directed, in an order dated November 25, 1987, to pay $600 in arrears for this support. Subsequently, respondent and Jacobs continued to live separate lives without taking any legal action to formalize the arrangement; it appears that respondent voluntarily paid Jacobs $70 bi-weekly for support of James and provided health insurance for Jacobs and the three children. This situation continued until January 2, 1991 when James and Anthony began to receive public assistance benefits. At about the same time Matthew moved in with respondent, and respondent continued to pay support for James and provide all health insurance coverage. Nevertheless, in April 1991 petitioner commenced this proceeding seeking a "modification" of the support order dated November 25, 1987 and requesting a "financial review" of that order in accordance with the Child Support Standards Act. A hearing on the matter was held after which a Hearing Examiner made findings and issued an order of support against respondent. Family Court, however, vacated the order of support and dismissed the petition principally on the basis of its insufficiency. This appeal by petitioner followed.

We affirm. In our view, Family Court did not err in dismissing the petition as legally insufficient. Family Court Act § 451 provides that Family Court has "continuing jurisdiction over any support proceeding * * * until its judgment is completely satisfied". Once the conditions establishing support liability terminate, however, a support order is " 'completely satisfied' " (see, Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 451, at 335). Because it appears to be undisputed that the November 1987 support order was satisfied, that order was not subject to modification. Accordingly, Family Court did not have continuing jurisdiction over the matter and the court did not abuse its discretion in dismissing the petition.

Due to our resolution of this issue, it is unnecessary to consider the remaining arguments advanced by petitioner.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.