■ In the Matter of JUNE RAUCH, Respondent, v MARK K. RAUCH, Appellant. [607 NYS2d 286] —Order, Family Court, Nassau County (Salvatore R. Mosca, J.), entered March 25, 1992, which, *inter alia,* denied respondent-father's objections to the findings of fact and order of support of the Hearing Examiner dated November 7, 1991 granting petitioner-mother a money judgment of $23,876.50 representing child support arrears, holding that respondent had willfully violated the outstanding support order, and which ordered that the Hearing Examiner's order be continued, unanimously affirmed, with costs.

The court rendering an order of child support maintains continuing jurisdiction over any support proceeding brought until the judgment is satisfied (Family Ct Act § 451; *Matter of Palmer v Palmer,* 128 AD2d 620). Petitioner's initiation of a proceeding in New Jersey under the Uniform Support of Dependents Law (USDL; Domestic Relations Law art 3-A) for enforcement of a New York support order was an additional remedy and did not deprive her of any other available remedy (Domestic Relations Law § 41 [1]; *Sharp v Sharp,* 161 AD2d 624, *lv dismissed* 76 NY2d 889). Thus, the Nassau County Family Court did not relinquish jurisdiction as the USDL proceeding and the proceeding appealed from herein could be maintained simultaneously *(Matter of Minch v Minch,* 117 AD2d 737). Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Williams, JJ.