■ In the Matter of DONNA L. SPAK, Respondent, v STEVEN M. SPECHT, Appellant. [628 NYS2d 207] —Spain, J. Appeal from

an order of the Family Court of Broome County (Pines, J.), entered August 1, 1994, which, in a proceeding pursuant to Family Court Act article 4, denied respondent's objection to the petition for lack of personal jurisdiction.

The facts in this matter are not in dispute. After a brief relationship between the parties, petitioner gave birth to a child in Broome County in March 1989. The child was conceived while respondent was a resident of New York. The child and petitioner have continuously been residents of New York. In October 1988 Family Court entered a filiation order following a hearing at which respondent appeared and admitted paternity of the child. The filiation order specifically reserved the right of either party to reapply for a determination of confinement expenses and child support. In January 1989, two months before the birth of the child, respondent left New York and presently resides in Pennsylvania; he also teaches a three-week course each summer at Cornell University in Tompkins County. Respondent has voluntarily made regular child support payments to petitioner since 1989.

In December 1993 petitioner applied to Family Court for child support and other expenses pursuant to the Child Support Standards Act (Family Ct Act § 413). Respondent moved to dismiss the petition for lack of personal jurisdiction which was denied. Respondent filed specific written objections to the Hearing Examiner's order of support which, upon review, Family Court denied. Respondent appeals.

Respondent argues that his minimal contacts with New York do not satisfy due process requirements to enable Family Court to exercise personal jurisdiction over him. Petitioner argues that, in addition to having long-arm jurisdiction, Family Court in its 1988 filiation order reserved the right of either party to reapply for a determination of confinement expenses and child support. We affirm.

Family Court Act § 154 (b) provides for the exercise of long-arm jurisdiction over a nondomiciliary parent in a paternity or support proceeding where any one of six criteria is shown to exist (see, Matter of Leslie GG. v William HH., 175 AD2d 378, 379; Matter of Jane O. J. v Peter L. J., 141 Misc 2d 434, 440-441). Where, as here, "the child was conceived in this state and the person over whom jurisdiction is sought is a parent" (Family Ct Act § 154 [b] [1]), or "the person has acknowledged paternity, in writing, or has furnished support for the child while either such person or the child resided in the state" (Family Ct Act § 154 [b] [4]), the nondomiciliary parent is subject to the exercise of personal jurisdiction by the courts of

New York, in satisfaction of due process concerns (*cf., Matter of Paulette D. v Donald J. C.*, 197 AD2d 928, 929; *Matter of Leslie GG. v William HH.*, *supra*, at 379). The statute was specifically enacted "to extend the court's long-arm jurisdiction in paternity and support proceedings beyond that prescribed by CPLR § 302(b)" (Besharov, 1993 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 154, 1995 Pocket Part, at 16).

In light of the fact that this is a support proceeding against the parent of a child conceived in and who resides in New York, coupled with respondent's voluntary appearance in 1988 in which he admitted to paternity and his voluntary child support payments since 1989, we conclude that Family Court properly exercised personal jurisdiction over him pursuant to the long-arm provisions of Family Court Act § 154 (b).

Additionally, by virtue of the 1988 paternity proceeding, petitioner established a claim for support which accrued under the laws of New York and, therefore, jurisdiction over respondent may properly be exercised pursuant to CPLR 302 (b) (*see, e.g., Matter of Gordon J. Y. v Erin L. M.*, 124 Misc 2d 677, 678-679; *cf., Matter of Leslie GG. v William HH.*, *supra*, at 379-380; *Matter of Rebecca B. W. v Stephen B.*, 131 Misc 2d 651, 653-654). Since the 1988 order of filiation specifically reserved the rights of either party to reapply for a determination of confinement expenses and child support, respondent can be said to have availed himself of "the benefits and protections" of the laws of this State (*Hanson v Denckla*, 357 US 235, 253; *cf., Kulko v California Superior Ct.*, 436 US 84, 94-96).

Respondent's argument that petitioner should have filed a support petition in Pennsylvania pursuant to Domestic Relations Law article 3-A (Uniform Support of Dependents Law) is unavailing. The existence of that statute, which is an additional and not an exclusive remedy, does not deprive a petitioner of any other remedy which may be pursued in his or her state of residence (*see, e.g., Matter of Rauch v Rauch*, 201 AD2d 276; *Sharp v Sharp*, 161 AD2d 624, 625-626, *lv dismissed* 76 NY2d 889).

In view of the foregoing, we conclude that respondent has had sufficient contacts with New York that it is fair to require him to defend in a support proceeding in this State (*see, International Shoe Co. v Washington*, 326 US 310, 316) and that Family Court did not err in denying his objection grounded on lack of personal jurisdiction.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.