■ In the Matter of JANET P. ROLFE, Appellant-Respondent, v TIMOTHY G. ROLFE, Respondent-Appellant. [646 NYS2d 407] —Casey, J. Cross appeals from an order of the Family Court of Albany County (Maney, J.), entered April 26, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an order of child support.

Petitioner commenced this proceeding in September 1994 to obtain child support in accordance with the provisions of Family Court Act § 413 for the parties' daughter, who was then 19 years old. Having resided in Michigan continuously since September 1975, respondent contended that Family Court did not have personal jurisdiction over him. Family Court rejected respondent's jurisdictional objection, but concluded that on the merits petitioner had failed to establish a right to the relief requested in the petition. The parties have each appealed.

For the reasons set forth below, we are of the view that petitioner is entitled to relief on the merits. Accordingly, we must address the jurisdictional issue raised by respondent as an alternative ground for affirming Family Court's dismissal of the petition. We agree with Family Court that it had personal jurisdiction over respondent pursuant to Family Court Act § 154 (b) (1), which provides for long-arm jurisdiction when "the child was conceived in this state and the person over whom jurisdiction is sought is a parent". Respondent does not dispute that he is the father of the child who is the subject of petitioner's application for child support, but he claims there is no direct evidence that the child was conceived in New York.

It is undisputed, however, that the parties were married in New York in January 1974 and resided together in New York until September 1975, when they moved to Michigan. The parties' daughter was born in New York in April 1975, some 15 months after the parties were married and began to reside together in New York. These undisputed facts clearly give rise to the inference that the child was conceived in New York, and there is no evidence in the record which suggests that conception could have occurred elsewhere.

Respondent also contends that Family Court's exercise of personal jurisdiction over him results in a violation of due process because of the absence of the necessary "minimum contacts" by respondent with New York (*see, Kulko v California Superior Ct.*, 436 US 84). We disagree. Respondent married in New York, conceived the child in New York, lived with petitioner in New York during the pregnancy, and lived with petitioner and the child in New York for several months after the child was born. In those circumstances, it cannot be said that respondent did not purposefully avail himself of the benefits and protections of New York's laws (*cf., Matter of Leslie GG. v William HH.*, 175 AD2d 378, 380).

Turning to the merits, we agree with petitioner that Family Court erred in dismissing the petition. The Hearing Examiner applied the relevant provisions of Family Court Act § 413 to find that respondent's pro rata share of the basic child support obligation is $93 per week. Family Court, however, concluded that petitioner's application sought to modify the child support provision of the parties' Michigan judgment of divorce and, therefore, applied the standard set forth in *Matter of Brescia v Fitts* (56 NY2d 132, 140) to conclude that the petition should be dismissed. Pursuant to the express language of the Michigan judgment, the relevant child support obligation imposed on respondent by the judgment expired in June 1993. Once the support obligation imposed by the judgment was satisfied, there was nothing left to modify (*see, Matter of Sanfilippo v Jacobs*, 194 AD2d 885, 886). The record also discloses that the support obligation imposed on respondent by Michigan law expired when respondent's daughter reached the age of 19 years and six months. Based upon the foregoing facts, which are undisputed, it is clear that the sole basis for petitioner's application is the child support obligation imposed on a parent by the laws of New York (*see,* Family Ct Act § 413 [1] [a]), where petitioner and her daughter reside. We conclude, therefore, that Family Court erred in considering petitioner's application as seeking to modify the support provision of the Michigan judgment of

divorce, which was satisfied and is not subject to modification. The Hearing Examiner correctly applied the provisions of Family Court Act § 413 to determine respondent's support obligation for his daughter.

The record reveals that pursuant to the Michigan judgment of divorce petitioner also had custody of the parties' second child, a son, and respondent was obligated to make support payments for that child. At the child's request, and with the parties' consent, he moved to Michigan in 1992 to live with respondent. The record also discloses that respondent initiated a support proceeding in Michigan regarding his son. In December 1994, a Michigan Circuit Court Referee issued a report which found that petitioner is obligated to pay respondent $74 per week for the support of the child who resides with respondent.

The Hearing Examiner in this case recognized that a split custody situation was present, but refused to apply the relevant rules (see, Matter of Kerr v Bell, 178 AD2d 1) because Family Court did not have jurisdiction over the child who resides in Michigan. We conclude, however, that there is no need to determine petitioner's support obligation under New York law. If petitioner's obligation for the child who resides in Michigan has been established by a final order of a Michigan court and that order is registered in this State, (see generally, Matter of Farmland Dairies v Barber, 65 NY2d 51, 55; Matter of Grumbling v Hamilton, 210 AD2d 787), New York courts can and should give full faith and credit to that order. As the record does not establish whether the finding of the Michigan Referee has been finalized in a court order, nor registered in this State, the matter will be remitted to Family Court. Upon remittal, Family Court should also determine the amount of any arrears due under Family Court's order.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.