◼ ROSA FURNITURE CORP. et al., Respondents, v BANCO DE PONCE et al., Appellants.—Order, Supreme Court, New York County, entered on February 4, 1976, denying defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, and motion granted, with $60 costs and disbursements to appellants. The purportedly libelous statements were contained in an affidavit submitted by the defendant vice-president of defendant, Banco De Ponce, in opposition to a motion made by the corporate plaintiff for summary judgment and in support of Banco's cross motion for summary judgment in an earlier Civil Court action. While the language so utilized may have been professionally ill advised, it was, in the context used, pertinent and, hence, absolutely privileged. *(Seltzer v Fields,* 20 AD2d 60, affd 14 NY2d 624.) Concur—Stevens, P. J., Markewich, Birns, Silverman and Capozzoli, JJ.

◼ MARY B. CLAY, Appellant, v HENRY J. CLAY, Respondent.—Order, Family Court, New York County, entered on May 30, 1975, insofar as it dismissed the petition for enforcement of a foreign decree of divorce and denied petitioner a counsel fee, unanimously affirmed, without costs and without disbursements, and without prejudice to any further application which petitioner may deem it appropriate to make. It was perfectly proper for petitioner to proceed in the Family Court to enforce a foreign divorce decree while at the same time pursuing her remedies in the Supreme Court to collect arrears due pursuant to the terms of a separation agreement. We, however, in the exercise of discretion, affirm the dismissal of the Family Court petition because of the now admitted fact that petitioner has recovered arrears in the Supreme Court proceeding covering the period of time in issue in the Family Court proceeding. Such proceeding, therefore, would appear to be merely duplicative. While petitioner may not collect the same support twice, this determination is without prejudice to the petitioner's right to reapply for relief in the Family Court, if she is so advised and if any new facts or circumstances develop which would warrant such new application. Concur—Stevens, P. J., Markewich, Birns, Silverman and Capozzoli, JJ.