■ In the Matter of MARJORIE I. BOYCE, Respondent, v DONALD L. GUMBINER, JR., Appellant.—Order, Family Court, New York County, entered July 24, 1978, granting petitioner's application brought under the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), directing an upward modification from $300 to $600 per month, for the support and maintenance of the three children of the marriage, unanimously reversed to the extent appealed from, on the law, without costs or disbursements on the appeal, and the proceeding remanded to the Family Court for further proceedings in accordance with subdivisions 6 and 7 of

section 37 of the Domestic Relations Law. The proceeding seeks modification of the support provisions contained in a separation agreement entered into between the parties in 1967, providing for child support at the rate of $100 per month for each of the three children. The parties were subsequently divorced in New Jersey, the separation agreement incorporated into but not merging with the decree. Subsequently, petitioner wife moved to Iowa and remarried. Respondent father, who at the time of the agreement was earning $17,000 per year, is presently unmarried, with no other dependents and with an income of approximately $50,000 per year. We disagree with the Family Court's application of the appropriate standard under *Matter of Boden v Boden* (42 NY2d 210). There, the court held in part that where a separation agreement is fair and equitable when entered into, modification of child support may nevertheless be directed where there are present circumstances which were unforeseen at the time of the agreement, such as unanticipated increases in the needs of the children. However, the court there observed (p 213) that it was to be "presumed that in the negotiation of the terms of the agreement the parties arrived at what they felt was a fair and equitable division of the financial burden to be assumed in the rearing of the child." Here, the Family Court inappropriately found that the agreement was not fair and equitable when entered into merely upon the basis that no provision was made therein to account for the effects of future inflation and substantial increases in the father's earnings. We disagree. There is no basis on this record to conclude that the agreement was not fair and equitable when made. Nor may the court properly direct an upward modification in child support based solely upon an increase in the earnings of the father and judicial notice that the needs of the children would naturally increase as they matured. The law in this Department is clear in requiring that two conditions be met to justify an upward modification in child support: proof of an increase in (1) the needs of the child, and (2) the income of the father *(Matter of Fensterheim v Fensterheim,* 55 AD2d 516; *Matter of Gould v Hannan,* 57 AD2d 517). Here, although there is proof of an increase in the financial ability of the father, there is no proof whatsoever of "an unforeseen change in circumstances and a concomitant showing of need" *(Matter of Boden v Boden,* 42 NY2d 210, 213, *supra).* Without such proof, an award in excess of that provided for in the separation agreement is unauthorized. Accordingly, remand to the Family Court for further proceedings in accordance with section 37 of the Domestic Relations Law is necessary to afford petitioner an opportunity to cure the defects in her proof. Concur—Murphy, P. J., Fein, Markewich and Silverman, JJ.