■ In the Matter of DENISE GIACOPELLI, Respondent, v FRANK GIACOPELLI, Appellant. — In a proceeding pursuant to the Uniform Support of Dependents Law, the appeal is from an order of the Family Court, Rockland County (Miller, J.), dated September 9, 1980, as amended by an order of the same court dated October 17, 1980, which, after a hearing, *inter alia,* vacated "only" $500 of arrears as a penalty to the petitioner for failure to comply with a prior visitation order of the same court. Order as amended modified, on the law, by adding thereto the following provision: "The Rockland County Support Collection Unit is directed to hold in escrow moneys collected from the husband pursuant to the Family Court's order of support dated January 31, 1978, to be

paid to the initiating court on September 1 of each year upon the petitioner's compliance with court-ordered visitation for the husband. If petitioner fails to comply with this court-ordered visitation, the husband may apply to the Family Court for a return of the moneys held in escrow." As so modified, order as amended, affirmed, without costs or disbursements. It is not disputed that an unjustified denial of visitation rights by the custodial mother may suspend the father's obligation to pay child support during the time that visitation rights are denied (see *Strahl v Strahl,* 66 AD2d 571, affd 49 NY2d 1036; *Abraham v Abraham,* 44 AD2d 675). After the petitioner and her children relocated in Florida, a prior decision of this court approved the setting aside of $15 per week of the support paid, to be used as a transportation fund to facilitate visits between the appellant and his children *(Matter of Giacopelli v Giacopelli,* 62 AD2d 999). It is apparent that a more effective remedy is necessary to ensure appellant his basic natural rights of visitation and access to his children (see *Strahl v Strahl, supra; Weiss v Weiss,* 52 NY2d 170). Petitioner should not be permitted to enjoy the benefits of a support order, while at the same time frustrating the important rights of a father to see his children (see *Feuer v Feuer,* 50 AD2d 772). After evaluating the prior litigation of the parties, and the limited visitation allowed by petitioner, we believe that an escrow arrangement is needed to secure compliance with the court-ordered visitation (see *Sorbello v Cook,* 93 Misc 2d 998; *Goodwin v Fayerman,* 88 Misc 2d 690). Titone, J. P., Gibbons, Gulotta and Margett, JJ., concur.