■ In the Matter of SHARON McCARTHY, Appellant, v ARTHUR W. BRAIMAN, Respondent. — In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), petitioner appeals from an order of the Family Court, Dutchess County (Bernhard, J.), entered April 28, 1982, which, *inter alia,* dismissed her petition for support of the parties' daughter Lynne on the ground that her removal of the child from the State in violation of the parties' separation agreement precluded respondent Arthur Braiman from exercising his right to visitation and relieved him of any support obligation. ¶ Order reversed, on the law, without costs or disbursements, petition reinstated, and matter remitted to the Family Court, Dutchess County, for a new determination in accordance herewith. ¶ Although the Court of Appeals has left the issue open (*Strahl v Strahl,* 49 NY2d 1036), this court has held that when a custodial parent unreasonably deprives the noncustodial parent of visitation rights provided in a separation agreement, the noncustodial parent may withhold support payments provided by that agreement (*Courten v Courten,* 92 AD2d 579, 581; *Strahl v Strahl,* 66 AD2d 571, 579, affd 49 NY2d 1036, *supra*). ¶ That rule, however, cannot apply in the present case because this is a support proceeding brought in the Family Court, Dutchess County, pursuant to the Uniform Support of Dependents Law, and not a proceeding to enforce the separation agreement. The concern in this proceeding is with the best interests of the child, not with the parents' compliance with the terms of the separation agreement (see *Matter of Michaels v Michaels,* 56 NY2d 924; *Matter of Brescia v Fitts,* 56 NY2d 132, 139-140). In *Landes v Landes* (1 NY2d 358, 365) the Court of Appeals construing the Uniform Support of Dependents Law, observed that we have "always treated a husband as absolutely responsible in keeping with his ability for the support of his dependent minor child or children * * * and there is no doubt whatever that neither a divorce or remarriage, nor the fact that the mother has legal custody of the child or children, terminates that liability". Consequently, the Family Court should have considered the best interests of the child, and it was error for the court to dismiss the petition out of hand because of an alleged violation of the separation agreement. ¶ It must be noted, however, that the Supreme Court, Dutchess County, originally granted the respondent husband visitation rights with his daughter on the second Saturday of each month between the hours of 10:00 A.M. and 8:00 P.M. This portion of the court's order was never appealed (see *Braiman v Braiman,* 61 AD2d 995, 998, revd 44 NY2d 584), and in removing the child from the State, petitioner violated this court-ordered visitation. Where the terms of visitation have been fixed, as here, by virtue of a

prior order, it is the settled rule that the Family Court *may* properly, in a proceeding under the Uniform Support of Dependents Law, condition the continued payment of support upon petitioner's compliance with respondent's free and uninhibited right of visitation, as so provided therein (see *Griffin v Griffin,* 89 AD2d 310; *Matter of Giacopelli v Giacopelli,* 82 AD2d 806). Consequently, should the Family Court determine, upon a reconsideration of the petition, that respondent is obligated to pay child support, the court, in its discretion, may direct that these payments be deposited in escrow until such time as petitioner complies with the previous court-ordered visitation (see *Matter of Giacopelli v Giacopelli, supra*). ¶ On remittitur, the Family Court may also want to consider whether the daughter's alleged conduct, including acts of disavowing her father's religion and assuming her stepfather's family name, resulted in a forfeiture of any right she may have to support (see *Matter of Parker v Stage,* 43 NY2d 128; *Matter of Roe v Doe,* 29 NY2d 188; *Cohen v Schnepf,* 94 AD2d 783). Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.