■ MICHAEL BONAVITO, Respondent, v CHRISTINE BONAVITO, Appellant.—Order unanimously reversed, on the law, without costs, petition dismissed and order dated June 9, 1983 reinstated. Memorandum: In this proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), respondent appeals from an order of Family Court which, after hearing, granted petitioner's request that his support payments be held in escrow until he be permitted visitation with the parties' minor children in Arizona, where respondent and the children reside.

Family Court lacked jurisdiction to make such an order. Where the terms of visitation have already been fixed by virtue of a prior order of judgment, Family Court may, in a Uniform Support of Dependents proceeding, order that continued payment of support be conditioned upon the custodial spouse affording the noncustodial spouse free exercise of his right to visitation *(see, Matter of Giacopelli v Giacopelli,* 82 AD2d 806, *appeal dismissed* 54 NY2d 787). Here, however, no order or judgment establishing custody or visitation has ever been entered. In these circumstances Family Court lacks jurisdiction to make a de novo determination with respect to visitation and, consequently, to

withhold continued support in the absence of visitation *(see, Griffin v Griffin,* 89 AD2d 310, 314-315). Petitioner's remedy lies in seeking an award of visitation in the courts of Arizona which have jurisdiction over the children. (Appeal from order of Erie County Family Court, Sedita, J.—modify support order.) Present —Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Pine, JJ.