■ In the Matter of CHARLOTTE L. MINCH, Respondent, v JOHN J. MINCH, Appellant.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the husband appeals from an order of the Family Court, Suffolk County (Auperin, J.), entered August 14, 1984, which, *inter alia*, fixed the amount of arrears of alimony and ordered the immediate resumption of alimony payments.

Order affirmed, without costs or disbursements.

Since the Uniform Support of Dependents Law (Domestic Relations Law art 3-A) provides an additional or alternate means of enforcing the petitioner's right to alimony (Domestic Relations Law § 41 [1]), the Family Court did not err in denying the husband's motion to dismiss this proceeding on the ground that another action was pending for the same relief *(cf. Nichols v Bardua,* 74 AD2d 566; *Clay v Clay,* 54 AD2d 647). In addition, the court properly ruled that the denial of visitation would not be a defense to a Uniform Support of Dependents Law proceeding, where, as here, there exists no prior court order specifically fixing the terms of visitation *(see, Griffin v Griffin,* 89 AD2d 310). Rather, the proper procedure would be for the husband to move for a determination of visitation rights in Tennessee, which has jurisdiction over the child *(see, Griffin v Griffin, supra; Matter of De Filipo v De Filipo,* 45 AD2d 710). Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.

■ In the Matter of PAROCHIAL BUS SYSTEM, INC., et al., Respondents, v GREGORY KALADJIAN, as Director of Pupil Transportation of the Board of Education of the City of New York, et al., Appellants.—Judgment of the Supreme Court, Kings County, dated May 15, 1984, affirmed, with costs, for reasons stated by Justice Krausman at Special Term. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.