■ LUCILLE J. HARVEY, Respondent, v CHARLES A. HARVEY, Appellant.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the appeal is from an order of the Family Court, Westchester County (Facelle, J.), dated June 11, 1985, which confirmed the report of the court-appointed Hearing Examiner and directed the respondent to pay to the Support Collection Unit the sum of $90 per week in child support and $1,265 in arrears computed through February 11, 1985.

Ordered that the order is modified by decreasing the respondent's child support payment from $90 to $70 per week and lowering the assessment of arrearages accordingly; as so modified, the order is affirmed, without costs or disbursements, and the case is remitted to the Family Court, Westchester County, for a recomputation of arrearages, if any, after affording the respondent the appropriate credit for payments made.

Since a proceeding pursuant to Domestic Relations Law article 3-A is procedural and remedial in nature, any substantive issue cognizable in a support proceeding under Family

Court Act article 4 is also cognizable in a Uniform Support of Dependents Law proceeding *(Lee v Lee,* 110 Misc 2d 623). In a proceeding to modify an award of child support predicated on the child's right to receive adequate support, it is not necessary to demonstrate an unanticipated and unreasonable change in circumstances before an increase will be deemed warranted *(Matter of Tibaldi v Otten,* 111 AD2d 859). It is sufficient merely to demonstrate that a change in circumstances has occurred warranting the increase in the best interests of the child *(Matter of Brescia v Fitts,* 56 NY2d 132, 139-140).

The evidence submitted in the instant case, when viewed in conjunction with an affidavit submitted by the appellant at the time the judgment of divorce was entered, in which he specifically recognized that his support obligation was subject to increase, clearly justified an increase. However, the increase from $35 to $90 per week was excessive under the circumstances. In view of the petitioner's needs as expressed in her financial statement and the Hearing Examiner's finding that the appellant's expenses have been halved, an increase in the appellant's child support obligation to $70 per week, which was the sum demanded in the petition, would have been more appropriate. The order of the Family Court is modified accordingly. Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.