■ In the Matter of CARMEN M. O. LaBOY, Appellant, v FREDERICK W. HERNANDEZ, Respondent.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the petitioner appeals from an order of the Family Court, Dutchess County (Bernhard, J.), dated January 6, 1986, which granted the respondent's motion for summary judgment dismissing the petition.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings with respect to the petition.

The Family Court dismissed the petition on the grounds that it failed to allege a change in circumstances since the time of the parties' 1981 stipulation which modified the child support provisions of a 1979 Puerto Rico judgment of divorce, and the respondent complied fully with that stipulation. While an allegation of changed circumstances would be required in a proceeding pursuant to Family Court Act article 4 to modify a prior support obligation (see, Family Ct Act § 461; Matter of Brescia v Fitts, 56 NY2d 132; Matter of Michaels v Michaels, 56 NY2d 924), the proceeding at bar is an independent special proceeding pursuant to the Uniform Support of Dependents Law (hereinafter USDL; Domestic Relations Law art 3-A), the purpose of which is "to secure support in civil proceedings for dependent spouses and children" (Domestic Relations Law § 30; see, Lebedeff v Lebedeff, 17 NY2d 557). It is not intended to modify or supersede any already existing support obligations and is not affected by any other support proceedings, orders, or judgments (see, Matter of Minch v Minch, 117 AD2d 737; Bahr v Bahr, 105 AD2d 725; Matter of Brizzi v Brizzi, 92 AD2d 919; Matter of Griffin v Griffin, 122 Misc 2d 536). Rather, the USDL proceeding provides the

petitioner "an additional or alternative civil remedy and shall in no way affect or impair any other remedy * * * available to the petitioner in relation to the same subject matter" (Domestic Relations Law § 41 [1]). Thus, the petitioner was not seeking to modify the respondent's prior support obligation and no showing of changed circumstances is required. The Family Court should have entertained the petition and made a de novo determination of the needs of the children *(see, Matter of Griffin v Griffin, supra)*. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.