OPINION OF THE COURT
Damian J. Amodeo, J.
In this proceeding initiáted pursuant to article 3-A of the Domestic Relations Law (Uniform Support of Dependents Law, hereafter referred to as USDL) petitioner seeks child support *286 in the amount of $35 per week. Respondent has raised as a defense denial of visitation with the minor child of the parties.
The petitioner was represented in this proceeding by an Assistant County Attorney and respondent by retained counsel. The court received and considered memoranda of law submitted by counsel for each of the parties.
The parties entered into a separation agreement dated February 19, 1975, which granted petitioner custody of their only child. Petitioner’s residence was restricted to New York State unless respondent consented to an out-of-State move. The agreement also provided that respondent would pay child support in the amount of $25 per week. No specific visitation was spelled out after the child, now almost 15, reached the age of three years. The June 10, 1975 judgment divorcing the parties provided that the separation agreement would "survive and * * * not be merged on this judgment” and that Supreme Court would retain jurisdiction, concurrently with Family Court, for the purpose of enforcing those provisions of the agreement which were capable of specific enforcement.
Sometime after the parties were divorced petitioner moved to Florida. She commenced this action for child support in October 1988 pursuant to Florida’s Uniform Reciprocal Enforcement of Support Act. Respondent appeared in this court and raised as a defense petitioner’s denial of his visitation in violation of the separation agreement.
This court does not have the power to enforce the terms of a separation agreement in a USDL proceeding (Matter of Neeley v Cuccia, 143 AD2d 671; Matter of McCarthy v Braiman, 100 AD2d 589). The stated purpose of the USDL is to "secure support in civil proceedings for dependent spouses and children from persons legally responsible for their support” (Domestic Relations Law § 30) and the concern of the court is with the "best interests of the child, not with the parents’ compliance with the terms of the separation agreement” (Matter of McCarthy v Braiman, supra, at 589). Where there is an outstanding order of visitation Family Court may, in the context of a USDL proceeding, order that continued payment of support be conditioned upon the custodial spouse allowing the noncustodial parent free exercise of the visitation rights granted in that order (Bonavito v Bonavito, 112 AD2d 41). However, denial of visitation is not available as a defense in a USDL proceeding where there "exists no prior court order specifically fixing the terms of visitation” (Matter of Minch v Minch, 117 AD2d 737).
*287 In the case at bar, no specific order exists setting forth the terms of visitation. Were such an order in effect, respondent’s position, in the context of an affirmative application for relief, would have merit (Matter of Alexander v Alexander, 129 AD2d 882, 883; Matter of McCarthy v Braiman, 100 AD2d 589, 590, supra). In this matter respondent relies solely on the visitation terms contained in the separation agreement. And, the "survival and nonmerger” language of the divorce decree is not equivalent to a judgment or order fixing visitation (see, Matter of Neeley v Cuccia, 143 AD2d 671, 672, supra).
Moreover, this court cannot make an original determination with respect to visitation in this USDL proceeding and then condition support on that determination (Matter of Quill v Quill, 136 AD2d 708; Bonavito v Bonavito, supra; Griffin v Griffin, 89 AD2d 310). The proper procedure for respondent to follow would be to move for an order of visitation in Florida, which has jurisdiction over the child. A failure to comply with such an order of visitation would than provide a basis for the practical relief which respondent now seeks (Minch v Minch, supra; Griffin v Griffin, supra, at 315).
Since the instant application is a request for a de novo determination of respondent’s support obligation, a different result is not warranted by virtue of a May 1988 order from the Westchester Family Court which terminated respondent’s support obligation on the basis of "a change in circumstances”. (See, Matter of LaBoy v Hernandez, 131 AD2d 485.)
Respondent’s defense is not legally sufficient on the facts presented. Therefore the matter is referred to a Hearing Examiner for determination. Counsel will be notified accordingly.