Norinne T. Barone, Respondent, v Larry P. Hill, Appellant.

Fourth Department, July 12, 1989

**APPEARANCES OF COUNSEL**

*Stephen J. Riley* for appellant.

*Mary Sullivan* for respondent.

**OPINION OF THE COURT**

BALIO, J.

Petitioner and respondent entered into a separation agreement which, in essence, provided that, upon their divorce, respondent would pay child support in the amount of $75 per week. The agreement was incorporated by reference and without merger in the divorce judgment. About nine months from the date of the judgment, petitioner commenced the subject proceeding in Maryland for an "increase in child support" pursuant to the Uniform Support of Dependents Law (USDL) (Domestic Relations Law art 3-A). The petition did not claim that circumstances had changed or that the needs of the children had increased since execution of the separation agreement or entry of the divorce judgment. The Family Court Hearing Examiner increased the support obligation to $140 per week without considering whether there had been a change of circumstances, and the Family Court, in a separate order, denied respondent's written objections to the Hearing Examiner's order. Respondent has appealed from both orders.

The issue before us is whether, in a USDL proceeding, the Family Court may make a de novo award of child support irrespective of the support provisions of the separation agreement incorporated in a divorce decree or whether the court must find that a change of circumstances exists to warrant an increase in the level of support provided by the agreement.

There is scant appellate authority on the issue. In *Matter of LaBoy v Hernandez* (131 AD2d 485), involving a stipulation modifying a decree, the Second Department stated in dicta that a USDL proceeding is a separate and independent proceeding for support, not a proceeding to modify a prior support obligation, and that Family Court may consider de novo the amount needed for support of the children. We note, however, that in *Harvey v Harvey* (127 AD2d 819), involving a decree incorporating the support terms of an agreement, the same Department applied the change of circumstances stan-

dard to a USDL proceeding for support. The First Department, in *Matter of Boyce v Gumbiner* (68 AD2d 862), dismissed a USDL petition because the petitioner failed to prove an unforeseen change in circumstances and need since entry of the divorce decree as then required by *Matter of Boden v Boden* (42 NY2d 210). It appears that this court and the Third Department have not decided the issue.

Family Court decisions on the issue are divided *(compare, Matter of Griffin v Griffin,* 122 Misc 2d 536, *and Matter of Coniglio v Coniglio,* 104 Misc 2d 491 [holding that, in a USDL proceeding, Family Court may consider the issue of support de novo and may award child support irrespective of the support provisions of a separation agreement incorporated in a judgment of divorce], *with Matter of Susan W. v Noel J. F.,* 107 Misc 2d 531, *and Matter of Boy v Gum,* 95 Misc 2d 435, *revd on other grounds sub nom. Matter of Boyce v Gumbiner,* 68 AD2d 862, *supra* [holding that the USDL petitioner seeking an upward modification in the support provisions of a separation agreement incorporated in a judgment of divorce must show that the support provisions of the agreement were not fair and equitable or that a change of circumstances warrants the modification]; *see also, Matter of Huffman v Huffman,* 93 Misc 2d 790; *Matter of Leiguarda v Leiguarda,* 91 Misc 2d 868).

A USDL proceeding, like its analogue in the Uniform Reciprocal Enforcement of Support Act (URESA) and Revised Uniform Reciprocal Enforcement of Support Act (RURESA), is an additional or alternative remedy completely separate from any available State remedies (Domestic Relations Law § 41). It is a de novo proceeding in the sense that no prior or existing support proceeding is a prerequisite to jurisdiction *(Lebedeff v Lebedeff,* 17 NY2d 557). The purpose of the USDL is to obviate jurisdictional and procedural problems inherent in the enforcement of a support order in a different State and to provide an expeditious means of obtaining support without the necessity of traveling to a distant State or county *(see,* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 30, at 168). The USDL, however, supplies only a remedy; it does not alter the substantive law of this State *(see,* Domestic Relations Law § 32, which restates the support and maintenance obligations of Family Ct Act §§ 412, 413, *and Lee v Lee,* 110 Misc 2d 623, 624, stating that "any substantive issue recognizable in a Family Court Act article 4 proceeding is similarly recognizable in a USDL matter"; *see also,* Sobie, Practice Commentaries, *op. cit.,* Do-

mestic Relations Law § 32, at 175). Moreover, in determining whether a duty to support exists, the court must apply the substantive law of the responding State (Domestic Relations Law § 34 [2]; *Matter of Ryan v Ryan,* 128 AD2d 624; *Matter of Huffman v Huffman,* 93 Misc 2d 790).

In the subject case, petitioner sought an increase in child support to $150 per week. The substantive law of New York, the responding State, is that the parents' duty to provide adequate support for a child is not diminished by the existence of a separation agreement or judgment of divorce, but that an existing duty of support may be modified only upon a demonstration of change of circumstances (Family Ct Act § 461; *Matter of Brescia v Fitts,* 56 NY2d 132, 140; *see also, Matter of Michaels v Michaels,* 56 NY2d 924; *Harvey v Harvey,* 127 AD2d 819, *supra).* Petitioner made no claim or demonstration of a change of circumstances.

Only nine months before this proceeding was commenced, the Supreme Court incorporated the separation agreement into the divorce judgment by reference and made no separate directive as to support. We must assume, therefore, that the court implicitly determined that the level of child support was adequate and fair at that time *(see,* Domestic Relations Law § 236 [B] [7]; § 240 [1]). The parties are entitled, absent a change of circumstances, to rely upon their agreement as incorporated in the divorce judgment. Otherwise, parties could easily evade mutual rights and responsibilities that they have formally agreed upon simply by moving to another county of this State or to another State *(see, Matter of Carol A. W. v Kenneth M. P.,* 133 Misc 2d 933). As previously noted, enactment of uniform laws for the enforcement of support did not create substantive duties or rights, and we conclude that a party cannot acquire a greater substantive right by proceeding under the USDL than rights provided by the Family Court Act and decisional law of this State *(see, Harvey v Harvey,* 127 AD2d 819, *supra; Matter of Lee v Lee,* 110 Misc 2d 623, *supra).*

We hold, therefore, that a showing of change of circumstances was required and that respondent's written objection to the Hearing Examiner's order should have been sustained. Because the Hearing Examiner determined that a demonstration of change of circumstances was not necessary, it appears that, subsequent to receiving respondent's denials, the Hearing Examiner did not transmit to the Maryland court a transcript showing the denials entered by respondent (Domestic Relations Law § 37 [6]). Had that been done, petitioner

would have had the opportunity to testify in Maryland regarding a change of circumstances and increased needs of the child and to transmit such proof to the Hearing Examiner in Cattaraugus County (Domestic Relations Law § 37 [7]). Petitioner should be accorded the opportunity to present evidence relevant to the issue of change of circumstances and, accordingly, we reverse the orders of the Family Court and of the Hearing Examiner, and remit this matter to Cattaraugus County Family Court for further proceedings pursuant to Domestic Relations Law § 37 and this opinion.

DENMAN, J. P., BOOMER, PINE and LAWTON, JJ., concur.

Orders unanimously reversed, on the law, without costs, and matter remitted to Cattaraugus County Family Court for further proceedings.