■ In the Matter of STATE OF NORTH CAROLINA ex rel. JOANN BEAL, Appellant, v EDWARD VETRANO, Respondent.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the petitioner appeals from an order of the Family Court, Dutchess County (Bernhard, J.), entered December 5, 1988, which denied its motion to dismiss the respondent's affirmative defense and dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Dutchess County, for a hearing and new determination in accordance herewith.

In the order appealed from, the Family Court dismissed the petition for support of the parties' son born December 19, 1973, filed pursuant to the Uniform Support of Dependents Law (hereinafter the USDL; Domestic Relations Law art 3-A) on the grounds there had been no change in circumstances since the entry of a prior Family Court order in 1981, seven years earlier. The petitioner argues that the court should have conducted a de novo hearing on the matter. We agree.

Joann Beal and Edward Vetrano were married in New York State in 1971, had a son in 1973, and were divorced in 1974, pursuant to a judgment which granted custody to Beal, ordered Vetrano to pay child support in the sum of $50 per month, and further provided for "visitation [by Vetrano] * * * away from the custodial residence". The judgment specified that "the right of the parties to move for more explicit visitation is hereby preserved". Vetrano never made application for visitation and no visitation order was ever entered, although support was subsequently increased to $25 per week by a Family Court order in 1975. Soon afterwards, Beal and the child left New York State.

In moving to terminate support in 1981, Vetrano alleged he

had had no contact with Beal or the child for several years. By order dated May 14, 1981, the Family Court terminated Vetrano's child support obligation on the ground that he had no visitation with his son and the child's and mother's whereabouts were unknown. The 1981 order was entered after an inquest, as Beal concededly was never served with process.

Thus, at the time of the within USDL application, there existed no order directing support nor one establishing visitation, nor had any court held a plenary hearing (at least not since 1975) to determine the support needs of the child. Since the Family Court vacated all support obligations of Vetrano in 1981, there is currently no existing order to modify either upward or downward based upon an alleged change in circumstances (see, Barone v Hill, 148 AD2d 139; Matter of LaBoy v Hernandez, 131 AD2d 485; Harvey v Harvey, 127 AD2d 819). Consequently, in light of the clear directives of the USDL, we find that the court erred in dismissing the USDL petition without first conducting a hearing (see, Matter of Malowsky v D'Elia, 160 AD2d 798).

The purpose of an independent special proceeding pursuant to the USDL is "to secure support in civil proceedings for dependent spouses and children" (Domestic Relations Law § 30; see, Matter of LaBoy v Hernandez, 131 AD2d 485, supra). Domestic Relations Law § 32 (3) was amended in 1989 to read in pertinent part: "Parents [are] liable for support of their child or children under twenty-one years of age. If possessed of sufficient means or able to earn such means, either or both parents shall be required to pay for child support a fair and reasonable sum as the court may determine".

The executive memorandum accompanying the amendment explains that both parents are obligated to contribute to the economic well-being of their children (see, mem of State Exec Dept in support of amend to L 1989, ch 567, 1989 McKinney's Session Laws of NY, at 2208). Regardless of a parent's level of income, responsibility for one's children does not cease merely because of an absence from the household (ibid.). The decision to separate is made by the parents alone and children should not have to suffer inordinately the economic consequences of the break-up (ibid.). Instead, children should be protected as much as possible from the over-all decline in living standards that results from parents maintaining two households (ibid.).

Consequently, since the concern in these proceedings is with the child's needs and best interests, it was error for the court to dismiss the petition out of hand (see, Domestic Relations

Law § 32 [3]; § 240 [1]; Family Ct Act § 413; *Matter of LaBoy v Hernandez*, 131 AD2d 485, *supra; Matter of McCarthy v Braiman*, 100 AD2d 589).

Moreover, in the absence of an existing order of support, Beal had merely to allege the jurisdictional predicates of age, residence, circumstances and need as required by Domestic Relations Law § 37 (1). The court's utilization of the standard of change in circumstances relevant to modification applications *(see,* Family Ct Act § 451), was error *(cf., Barone v Hill*, 148 AD2d 139, 142, *supra; Harvey v Harvey*, 127 AD2d 819, *supra).*

Nor does the statutory scheme permit extended denial of visitation in the circumstances presented herein to be employed as a valid defense to a de novo USDL support petition *(see, Griffin v Griffin*, 89 AD2d 310). Absent judgments or orders fixing support and the terms of visitation, the Family Court was powerless to deny future support based on the lack of prior visitation *(see, Bonavito v Bonavito*, 112 AD2d 41; *Matter of McCarthy v Braiman*, 100 AD2d 589, *supra; Griffin v Griffin, supra).* Additionally, it should be noted that the Family Court in a USDL proceeding is without jurisdiction to make an order providing for visitation unless both parties and the child reside within the State *(see,* Domestic Relations Law § 34-a), which is not the situation here.

As there has never been a hearing on the merits of the issues addressed in the petition and answer, at the de novo hearing *(see,* Domestic Relations Law § 37 [7]), the Family Court should examine the various statutory factors *(see,* Domestic Relations Law §§ 32, 240; Family Ct Act § 413) in addition to such other evidence as the court may deem proper *(see,* Domestic Relations Law § 37 [7]). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.