█ In the Matter of Carmen A. Fanter, Respondent, v James Alfano, Appellant. [607 NYS2d 658] —Order, Family Court, Queens County (Mary Ellen Fitzmaurice, J.), entered on or about May 18, 1992, which confirmed the report of the Hearing Examiner, which, *inter alia,* directed respondent to pay child support for his son Matthew in the amount of $102 weekly, unanimously affirmed, without costs.

The parties were divorced in Kings County by judgment dated September 12, 1978. The judgment incorporated a stipulation providing for child support for the three minor children in the amount of $125 weekly, to be reduced to $33 per child weekly in the event the petitioner-wife remarried. Petitioner remarried; however, by so-ordered stipulation, the judgment was amended in January 1988, to provide for child support of $50 weekly for Matthew, the sole remaining unemancipated minor child. In November, 1991, petitioner commenced this proceeding to increase child support pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A).

Applying the formula found in the Child Support Standards Act (Domestic Relations Law § 240 [1-b]), the Hearing Examiner calculated respondent's support obligation as $102 weekly. Over respondent's objections, the Family Court confirmed the report of the Hearing Examiner, without specifically addressing the question of the need to show a change in circumstances.

This Court is bound to apply the law of the originating court where a transferred appeal is involved *(Matter of Doyle v Amster,* 79 NY2d 592, 595). On constraint of the Second Department's determination in *Matter of LaBoy v Hernandez* (131 AD2d 485), the Family Court could determine the level of support at issue de novo, without a demonstration of a change in circumstances. As to the alternative grounds advanced on appeal, they are without merit *(Matter of Maddox v Doty,* 186 AD2d 135). Concur—Sullivan, J. P., Ellerin, Asch and Tom, JJ.