■ In the Matter of ARTHUR RICHMAN, Appellant, v LESLEY RICHMAN, Respondent. [611 NYS2d 633] —In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the father appeals from an order of the Family Court, Westchester County (Tolbert, J.), dated June 23, 1992, which denied his objections to an order of the same court (Mrsich, H.E.), dated April 10, 1992, dismissing the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the father's objections to the order of the Hearing Examiner which dismissed the petition are sustained, the order of the Hearing Examiner is vacated, and the matter is remitted to the Family Court, Westchester County, for a determination in accordance herewith.

The father, who lived in Nevada with the parties' son, filed a petition for support in that State on December 30, 1991. The petition was transmitted to the Family Court, Westchester County, where the mother resides, pursuant to the Uniform Support of Dependents Law (hereinafter USDL) (Domestic Relations Law art 3-A). At that time, there was no existing order of support. The child returned to New York to reside with the mother on March 20, 1992, and, at the hearing on the petition on April 10, 1992, the Hearing Examiner dismissed the petition, solely on the ground that the child now lived with the mother. The father filed objections to the order, in which he argued that the Hearing Examiner erred in failing to consider whether he was entitled to child support payments for the period of December 30, 1991, until the child returned to his mother. We find that the court erred in denying the objections, since the child's change of residence during the pendency of the proceeding did not preclude the father from seeking support retroactive to the date the petition was filed.

Both parents of a child under the age of 21 years are chargeable with support and, if possessed of sufficient means or able to earn such means, shall be required to pay a fair and reasonable sum for child support to be determined by the court (see, Matter of North Carolina ex rel. Beal v Ventrano, 163 AD2d 478; Domestic Relations Law § 32 [3]; Family Ct Act § 413 [1] [a]). In addition, any support order issued under the USDL shall be effective as of the date of the filing of the petition in the initiating State, here December 30, 1991 (see, Matter of Burke v Adams, 130 AD2d 100; Family Ct Act § 440 [1] [a]). Accordingly, the Hearing Examiner was required to determine whether the mother had the means to contribute to the child's support during the three months that he was in his father's custody after the petition was filed.

As no recording of the hearing was made, and the child's change of residence was the sole finding of fact made in support of the dismissal of the petition, we are unable to determine if the Hearing Examiner considered the mother's financial circumstances. We therefore remit the matter to the Family Court for a determination as to whether the mother had sufficient means to contribute to the child's support for the period from December 30, 1991, through March 20, 1992, and, if so, the amount of such support. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.