■ In the Matter of OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JUDY A. R., Respondent, v DU-

ANE E., Appellant. [701 NYS2d 582] —Order unanimously reversed on the law without costs, motion granted and petition dismissed. Memorandum: Petitioner, Oswego County Department of Social Services (DSS), commenced this paternity proceeding as subrogee of the child's mother despite the fact that a previous paternity proceeding involving the same child and putative father, brought by a social services agency of another State pursuant to the Uniform Support of Dependents Act (USDA), had been dismissed on the merits. Family Court erred in denying respondent's motion to dismiss this proceeding as barred by res judicata.

In 1994 the State of Florida Department of Health and Rehabilitative Services (HRS) filed a paternity petition on behalf of Judy A. R., the child's mother. The proceeding was transferred to Oswego County Family Court pursuant to the Florida Revised Uniform Reciprocal Enforcement of Support Act and USDA (Domestic Relations Law former art 3-A). At that time, Judy A. R. resided in Florida with the child, and respondent resided in Oswego County. After a hearing the petition was dismissed on the merits based upon the failure of HRS to establish paternity by clear and convincing evidence.

In 1997 DSS brought the instant paternity proceeding on behalf of Judy A. R., now a resident of Oswego County, against the same respondent for the same child. The court denied respondent's motion to dismiss the petition, holding that the prior adjudication should not be given res judicata effect because the USDA provided an additional or alternate civil remedy that "shall in no way affect or impair any other remedy" (Domestic Relations Law former § 41 [1]). That was error. Although the USDA created an additional and independent remedy, it did not alter this State's substantive law (*see, Barone v Hill*, 148 AD2d 139, 141-142; *see also, Lee v Lee*, 110 Misc 2d 623, 624), nor does it prevent a court from giving res judicata effect to a dismissal on the merits of a USDA paternity proceeding.

A prior paternity proceeding fully litigated and determined on the merits will bar a subsequent proceeding as between the same parties or parties in privity (*see, Matter of Jason H. v John C.*, 226 AD2d 638; *Matter of Slocum v Joseph B.*, 183 AD2d 102; *see generally, Matter of Shea*, 309 NY 605, 616). The doctrine is grounded on the premise that those identified in interest with the litigating party are bound by the proceeding (*see, Matter of Shea, supra,* at 617). "Generally, to establish privity the connection between the parties must be such that the interests of the nonparty can be said to have been

represented in the prior proceeding" (*Green v Santa Fe Indus.*, 70 NY2d 244, 253).

HRS had a full and fair opportunity to litigate paternity in the first proceeding. Although DSS was not a party to that proceeding, its interest here is identical to that of HRS in the prior proceeding: both petitioners sought reimbursement for public funds expended for support of the child, derived from subrogation of the same rights from the same person, the mother (*cf., Matter of Cathleen P. v Gary P.*, 63 NY2d 805, 807-808; *Matter of Rhonda Y. v Victor Z.*, 198 AD2d 596). We conclude that the interest of DSS in the prior proceeding was represented such that it is bound by the adverse determination therein (*see, Green v Santa Fe Indus., supra*, at 253; *Matter of Slocum v Joseph B., supra*). We therefore reverse the order, grant respondent's motion and dismiss the petition. (Appeal from Order of Oswego County Family Court, McCarthy, J.—Paternity.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Balio, JJ.